UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

DEANDRE JEROME BEASON,

    Petitioner,

v.                                                   Case No. 13-C-0786

UNITED STATES OF AMERICA,

    Respondent.

ORDER DENYING MOTION TO VACATE CONVICTION AND SENTENCE, DISMISSING CASE, AND GRANTING CERTIFICATE OF APPEALABILITY

Deandre Jerome Beason filed the pending motion pursuant to 28 U.S.C. § 2255 challenging his September 14, 2011, judgment of conviction. Beason, a convicted felon, and twenty-seven others were indicted following an investigation of a drug ring. Beason pled guilty to violations of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); however, the court allowed Beason to withdraw the plea after the presentence report revealed that his juvenile adjudication of being a party to the crime of armed robbery could increase the term of his imprisonment under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(3)(2)(C). Although Beason pled guilty under an amended plea agreement, he reserved the right to disagree that the ACCA applied and objected to the presentence report's reference to his cocaine distribution convictions.

At sentencing, the court concluded that the ACCA enhancement was appropriate. Beason appealed wanting to set his guilty plea aside, but counsel moved to withdraw stating that he could not identify a nonfrivolous issue to pursue. The Seventh Circuit dismissed the appeal, noting that Beason never objected to the court's use of his juvenile adjudication for armed robbery. *United States v. Beason*, 493 Fed. Appx. 747, 750 (7th

Cir. 2013). Now, Beason argues that counsel was ineffective in failing to object to the inclusion of the juvenile armed robbery adjudication in determining his ACCA status.

Claims of ineffective assistance of counsel are governed by the two–pronged test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). To prevail on an ineffective assistance of counsel claim, Beason must, as an initial matter, show the specific acts or omissions of his attorney "fell below an objective standard of reasonableness" and were "outside the wide range of professionally competent assistance." *Id.,* 466 U.S. at 690. "To reflect the wide range of competent legal strategies and to avoid the pitfalls of review in hindsight, our review of an attorney's performance is highly deferential and reflects a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Yu Tian Li v. United States*, 648 F.3d 524, 527–28 (7th Cir. 2011). The second *Strickland* prong requires Beason to show prejudice, which means "there is a reasonable probability that, but for counsel's errors, the result of the proceedings would have been different, such that the proceedings were fundamentally unfair or unreliable." *Blake v. United States*, 723 F.3d 870, 879 (7th Cir. 2013). If Beason is unable to make a sufficient showing of one of the *Strickland* prongs, the court need not consider the other. *See Strickland*, 466 U.S. at 697, 104 S. Ct. 2052; *Atkins v. Zenk*, 667 F.3d 939, 946 (7th Cir. 2012).

The issue before this court is whether counsel should have investigated and objected to the use of the juvenile adjudication as a predicate offense under the ACCA. The ACCA provides in pertinent part:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on

2

occasions different from one another, such person shall be ... imprisoned not less than fifteen years....

18 U.S.C. § 924(e)(1). The ACCA goes on to define "violent felony" as follows:

> (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife or destructive device that would be punishable by imprisonment for such term if committed by an adult, that-
>
> > (I) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> >
> > (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another; and
>
> (C) the term "conviction" includes a finding that a person has committed an act of juvenile delinquency involving a violent felony.

*Id.* § 924(e)(2)(B) & (C).

This court allowed Beason to withdraw his initial plea because the plea agreement did not disclose the mandatory minimum. After reaching an amended agreement, defense counsel objected to the use of two of the three predicate offenses. However, counsel did not object to paragraph 209 of the presentence report, which alerted the court to a 2004 juvenile adjudication of armed robbery, use of force-party to a crime. The presentence referenced the language of the juvenile bankruptcy petition, which described an armed robbery at the bus stop with a chrome semi-automatic handgun. The victim was struck on the side of the face with the gun and robbed.

The armed robbery statute in Wisconsin provides

> (1) Whoever, with intent to steal, takes property from the person or presence of the owner by either of the following means is guilty of a Class E felony:
>
> > (a) By using force against the person of the owner with intent thereby to overcome his or her physical resistance or physical

3

> power of resistance to the taking or carrying away of the property; or
>
> (b) By threatening the imminent use of force against the person of the owner or of another who is present with intent thereby to compel the owner to acquiesce in the taking or carrying away of the property.
>
> (2) Whoever violates sub. (1) by use or threat of use of a dangerous weapon, a device or container described under s. 941.26(4)(a) or any article used or fashioned in a manner to lead the victim reasonably to believe that it is a dangerous weapon or such a device or container is guilty of a Class C felony.
>
> Wisconsin defines dangerous weapon as:
>
> Any firearm, whether loaded or unloaded; any device designed as a weapon and capable of producing death or great bodily harm; any ligature or other instrumentality used on the throat, neck, nose or mouth of another person to impede, partially or completely, breathing or circulation of blood; any electric weapon, as defined in s. 941.295(4); or any other device or instrumentality which, in the manner it is used or intended to be used, is calculated or likely to produce death or great bodily harm.

Wis. Stat. § 939.22(10). Meanwhile, the ACCA counts only those acts of juvenile delinquency "involving the use or carrying of a firearm, knife, or destructive device." 18 U.S.C. § 924(e)(2)(B).

Beason argues that if counsel had objected, the court would have taken a categorical or modified categorical approach in determining whether the ACCA applied. In making his argument, Beason cites *Shepard v. United States,* 544 U.S. 13 (2005), in which the United States Supreme Court held that a court should look to the statutory elements, charging documents, and judicial findings of fact to determine whether a previous conviction was for a violent felony. *Id.* at 16. The issue in *Shepard* turned on what evidence the trial court could consult in determining whether the defendant had committed

4

a generic burglary, which can be classified as a violent felony as opposed to some other form of burglary. *Shepard*, 544 U.S. at 16.

The Seventh Circuit, in *United States v. Woods,* clarified that sentencing courts can only consult additional materials, such as charging instruments, if the criminal statute is divisible. (7th Cir. 2009). A statute is divisible where it punishes conduct that is a violent felony, as well as conduct that is not. *Id.,* 576 F.3d at 403–07. Use of these documents is permitted for the limited purpose of properly categorizing the predicate offense by determining under which part of a divisible statute a defendant was convicted. The court may not consider the "particular facts underlying the defendant's conviction." *Id.* at 404.

Several months after *Woods* was decided, the government conceded that state records made available to the district court at sentencing were inconclusive and that it was an error to count the defendant's juvenile adjudication as a predicate offense under the ACCA. *U.S. v. Alexander*, 355 Fed. Appx. 71 (7th Cir. 2009). The district court had concluded that the defendant's juvenile adjudication qualified as a predicate offense because it involved a knife under Wis. Stat. § 943.32(1)(b), (2). At sentencing the government submitted copies of the delinquency petition, the state court's written finding that Alexander had tried to commit "armed" robbery, and a minute entry showing only that Alexander entered an "admission" to the delinquency petition. The petition summarized police reports detailing Alexander's alleged conduct, but no reliable record, e.g., a transcript of the delinquency hearing, was submitted to establish that Alexander specifically was armed with a knife. *See Shepard*, 544 U.S. at 23-24; *United States v. Spells*, 537 F.3d 743, 749 (7th Cir. 2008). Notably, a knife – as opposed to a firearm – is not an enumerated weapon under Wis. Stat. § 939.22(10).

More recently, the Supreme Court in *Descamps v. United States*, adopted the divisible/indivisible distinction discussed in *Woods.* 133 S. Ct. 2276 (2013). The court held that where there are alternative paths with different elements to reach a conviction, the court may use the "modified categorical approach" to determine whether the offense qualifies as one of the "generic" violent felonies listed in 18 U.S.C. § 924(e)(2)(B)(ii) for purposes of the ACCA, 18 U.S.C. § 924(e). *Id.* at 2281. Under the modified categorical approach, the court may consult the charging documents and other judicial documents in the underlying case to see which of the alternative ways of reaching a conviction was used and whether that way satisfies the definition of a violent felony set forth in § 924(e)(2)(B)(ii). *Id.* On the other hand, the court must use the "categorical approach" where the criminal statute is not divisible inasmuch as it contains a single set of elements without alternative ways to reach a conviction. *Id.* at 2282.

As acknowledged on Beason's direct appeal, the Seventh Circuit has not addressed how sentencing courts should analyze whether juvenile crimes involved the use of weapons. *Beason*, 493 Fed. Appx. at 749. Nevertheless, the *Beason* decision notes that five other circuits have said that judges should use the same categorical approach applicable to adult convictions. *Beason*, 493 Fed. Appx. at 749 (citing *United States v. Nevels*, 490 F.3d 800, 806–09 (10th Cir. 2007); *United States v. Wells*, 473 F.3d 640, 646–50 (6th Cir. 2007); *United States v. Kirkland*, 450 F.3d 804, 806–08 (8th Cir. 2006); *United States v. Burge*, 407 F.3d 1183, 1187 (11th Cir. 2005); *United States v. Richardson*, 313 F.3d 121, 123–28 (2d Cir. 2003). Of the five circuits cited, four of the circuits have affirmed a district court's characterization of a prior juvenile adjudication as a prior conviction under the ACCA. *Nevels*, 490 F.3d at 806-09, *Kirkland*, 450 F.3d at 806-08, *Burge*, 407 F.3d at 1187, *Ballew*,

491 Fed. Appx. 589 (6th Cir. 2012). Notably, each of the district courts, citing *Shephard,* relied on the juvenile delinquency petitions in reaching their decisions. *Id.*

Consequently, even if counsel should have objected to the use of the juvenile adjudication, Beason cannot show that, but for the asserted errors, the result would have been different. *Shepard* held explicitly that the court is generally limited to the statutory definition, charging document, written plea agreement, transcript of plea colloquy and any explicit factual finding by the trial judge to which the defendant assented. 544 U.S. at 16-17. Here, the government has attached the July 22, 2004, Summons and Petition for Determination of Status Alleged Delinquent Juvenile, which was referenced in the presentence report and therefore available at the time of sentencing. (Doc. 9-1, Ex. A.) Thus, this court was aware that the offense involved the use of a chrome semi-automatic handgun and the victim was struck with the handgun. Additionally, the presentence report makes clear that Beason was charged with armed robbery, use of force, as party to a crime, and the Juvenile Court Record docket sheet indicates that on August 17, 2004, Beason entered an admission plea to the July 22, 2004, delinquency petition. (Doc. 9-1, Ex. B.) Nothing in this record suggests that the ACCA enhancement was applied erroneously. Beason pled guilty to the delinquency petition, which other courts have concluded to be acceptable under the categorical or modified categorical approach. His delinquency petition references the use of a handgun in the commission of the offense. Moreover, to date, Beason has not argued that the juvenile petition to which he plead guilty was factually inaccurate or that a handgun was not used in the commission of the offense.

Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings, a district court must "issue or deny a certificate of appealability when it enters a final order adverse

7

to the applicant." A certificate of appealability may issue only if the applicant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a defendant must show that "reasonable jurists could debate whether (or, for that matter, agree that) the motion should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 475 (U.S.2000) (internal quotation marks and citation omitted). Because the Seventh Circuit flagged the issue regarding Beason's juvenile adjudication on direct appeal and has admittedly not considered how sentencing courts should analyze whether juvenile crimes "involved" a firearm, knife, or destructive device, this court believes a certificate of appealability is warranted. In other words, reasonable jurists could debate the application of the categorical or modified categorical approach to a juvenile adjudication and the use of a delinquency petition - to which the defendant pled guilty - in applying the ACCA. Now, therefore,

IT IS ORDERED that Deandre Beason's motion to vacate conviction and sentence by a person in federal custody pursuant to 28 U.S.C. § 2255 is denied.

IT IS FURTHER ORDERED that this case is dismissed.

IT IS FURTHER ORDERED that a certificate of appealability is granted.

Dated at Milwaukee, Wisconsin, this 18th day of February, 2015.

BY THE COURT

/s/ C.N. Clevert, Jr.
C.N. CLEVERT, JR.
U.S. DISTRICT JUDGE